UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

L<small>AWRENCE</small> R<small>UTHER</small>,

   Plaintiff,        Hon. Paul L. Maloney

v.              Case No. 1:20-CV-494

M<small>ATTHEW</small> S<small>CHNEIDER</small>,

   Defendant.
_____/

## REPORT AND RECOMMENDATION

  Plaintiff initiated this action on June 2, 2020, against Matthew Schneider. (ECF No. 1). Because Plaintiff has been permitted to proceed as a pauper (ECF No. 3), the Court has reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it is frivolous, malicious, or fails to state a claim upon which relief can be granted. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's complaint be dismissed for failure to state a claim on which relief may be granted and for lack of subject matter jurisdiction.

## BACKGROUND

  Plaintiff's complaint consists of two documents: (1) a single page containing Plaintiff's "allegations" and (2) a copy of a June 16, 2014, letter from Prometheus Law, a California entity, to Plaintiff. While Plaintiff's allegations are difficult to discern, due to their brevity and lack of clarity, it appears that Plaintiff's action

1

implicates a civil action litigated in the United States District Court for the Central District of California.

The June 16, 2014, letter from Prometheus Law to Plaintiff indicates that Plaintiff purchased some sort of investment from or through Prometheus Law. In his complaint, Plaintiff alleges that James Catipay breached a contract with Plaintiff causing Plaintiff to suffer a loss in the amount of $128,000. Plaintiff also references a California action brought by the Securities and Exchange Commission (SEC) against Prometheus Law.

It appears that a receivership action was initiated in 2016 by the SEC against Prometheus Law alleging that Prometheus Law committed securities fraud "in connection with the solicitation of investments in a legal marketing program which, among other things, promised returns in excess of 100%." *See Securities and Exchange Commission v. PLCMGMT LLC, et al.* (Prometheus Law Receivership), available at https://regulatoryresolutions.com/case/securities-exchange-commission-v-plcmgmt-llc-et-al/ (last visited on June 12, 2020). One of the principals of Prometheus Law was apparently James Catipay who, in a related criminal action, was convicted of securities fraud. (*Id.*).

Plaintiff has initiated the present action against Matthew Schneider. Judging by the address Plaintiff has provided for Schneider, Plaintiff is suing, Matthew Schneider, the United States Attorney for the Eastern District of Michigan. The only allegation that Plaintiff makes against Mr. Schneider, however, is "I contract M Schneider pay - $ due."

2

## ANALYSIS

Unlike state courts, which are courts of general jurisdiction, the federal courts are courts of limited jurisdiction. This Court possesses the jurisdiction to resolve "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The Court also possesses jurisdiction to resolve civil claims between citizens of different states where the amount in dispute exceeds $75,000. 28 U.S.C. § 1332.

Plaintiff appears to be asserting a breach of contract claim against Mr. Schneider. Such allegation, however, fails to state a claim under federal law. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). Moreover, even if the Court assumes that Plaintiff has articulated a viable state law claim, Plaintiff has not established that this Court possesses the jurisdiction to hear such.

While Plaintiff and Mr. Schneider appear to be citizens of different states, Plaintiff has failed to allege facts indicating that diversity jurisdiction is appropriate. While James Catipay may have caused Plaintiff to lose $128,000, Plaintiff has failed to allege that the contract which Defendant allegedly breached caused Plaintiff to suffer more than $75,000 in damages. Thus, Plaintiff has failed to establish that this Court can properly exercise jurisdiction over his state law breach of contract claim. *See, e.g., Metro Hydroelectric Co., LLC v. Metro Parks*, 541 F.3d 605, 610 (6th Cir. 2008) ("it is to be presumed that a cause lies outside [a federal court's] limited

3

jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction").

## CONCLUSION

For the reasons discussed herein, the undersigned recommends that Plaintiff's complaint be dismissed be dismissed for failure to state a claim on which relief may be granted and lack of subject matter jurisdiction.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Dated: June 17, 2020   /s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge